JS-6

ANTHONY M. BARNES (BAR NO. 199048)
Email: amb@atalawgroup.com
Kenya Rothstein (Bar No. 340854)
Email: ksr@atalawgroup.com
Aqua Terra Aeris Law Group
8 Rio Vista Ave.
Oakland, CA 94611
T: (917) 371-8293

Erina Kwon (Bar No. 235079)
Email: erina@lawaterkeeper.org
Benjamin A. Harris (Bar No. 313193)
Email: ben@lawaterkeeper.org
LOS ANGELES WATERKEEPER
360 E. 2nd Street, Suite 250
Los Angeles, CA 90012
Phone: (310) 394-6162

*Attorneys for Plaintiff*
LOS ANGELES WATERKEEPER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES WATERKEEPER, a California non-profit association,<br><br>Plaintiff,<br><br>v.<br><br>NC DYNAMICS LLC, a California corporation,<br><br>Defendant. | Case No. 2:25-cv-07911-PA-AS<br><br>**CONSENT DECREE** |

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

1

243226163.1
209401-10001

## CONSENT DECREE

**WHEREAS,** Plaintiff Los Angeles Waterkeeper ("LA Waterkeeper" or "Plaintiff") is a 501(c)(3) non-profit public benefit corporation organized under the laws of the State of California, with its main office in Los Angeles, California;

**WHEREAS,** LA Waterkeeper is dedicated to the preservation, protection and defense of the surface, ground, coastal and ocean waters of Los Angeles County from all sources of pollution and degradation;

**WHEREAS**, Defendant NC Dynamics LLC ("Defendant") owns and operates two industrial facilities with one located at 6925 Downey Avenue and 3401 E. 69th Street, Long Beach, CA 90805 ("Downey Facility") under Waste Discharger Identification number ("WDID") 4 19I028471; and the other located at 3200 E. 69th Street, Long Beach, CA 90805 ("3200 69th St. Facility") with NEC ID 4 19NEC009301 ("collectively, the Facilities"). The 3200 E. 69th Street Facility does not currently have a WDID number.

**WHEREAS**, the Facilities industrial activities consist of manufacturing of aerospace and other industrial parts using 3, 4 & 5 axis milling, computerized network control (CNC) turning, and conventional machining and assembly. The Downey Facility is categorized under Standard Industrial Classification Codes ("SIC") 3728 - Aircraft Parts and Auxiliary Equipment, NEC, and 3544 - Special Dies and Tools, Die Sets, Jigs, and Fixtures, and Industrial Molds; the 3200 69th St. Facility will also be T categorized under SIC 3728.

**WHEREAS**, storm water discharges associated with industrial activity at the Facilities are regulated by the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order 2014-0057-DWQ, as amended by Order Nos. 2015-0122-DWQ and 2018-0028-DWQ incorporating: 1) Federal Sufficiently Sensitive Test Method Ruling; 2) Total Maximum Daily Load Implementation Requirements; and 3) Statewide Compliance Options Incentivizing On-Site or Regional Storm

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

Water Capture and Use, at the Facilities ("General Permit" or "Permit")[1], and the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251, *et seq.* ("Clean Water Act" or "CWA"), Sections 301(a) and 402, 33 U.S.C. §§ 1311(a), 1342;

**WHEREAS**, Plaintiff alleges that Defendant's operations at the Facilities result in discharges of pollutants into waters of the United States and are regulated by the Clean Water Act Sections 301(a) and 402. 33 U.S.C. §§ 1311(a), 1342;

**WHEREAS**, the General Permit requires all permittees, including Defendant, to comply with, inter alia, the following mandates: (1) develop and implement a storm water pollution prevention plan and a storm water monitoring implementation plan, (2) control pollutant discharges using, as applicable, best available technology economically achievable or best conventional pollutant control technology to prevent or reduce pollutants through the development and application of Best Management Practices, which must be detailed in and timely updated in the SWPPP, (3) reduce and eliminate discharges necessary to comply with any and all applicable Water Quality Standards, and (4) implement a monitoring and reporting program, including the MIP, designed to assess compliance with the Permit;

**WHEREAS**, on April 28, 2025, Plaintiff issued a notice of intent to file suit ("60-Day Notice Letter") to Defendant, its registered agent, the Administrator of the United States Environmental Protection Agency ("EPA"), the Executive Director of the State Water Resources Control Board ("State Board"), the Executive Director Los Angeles Regional Water Quality Control Board ("Regional Board"), the Regional Administrator of EPA Region IX, and the U.S. Attorney General of

---

[1] Any references to the "General Permit" or "Permit" herein shall be to the then-effective version, regardless of whether such changes are the result of amendments, revisions, reissuance, or similar modification of material terms. Any reference in this Consent Decree to specific sections or subsections of the General Permit that are moved, modified, or otherwise changed in a subsequent version of the General Permit shall be to such subsequent reference(s) as if set forth herein, *e.g.*, the current §XI.B.6.c may be renumbered as §XI.B.7.c, combined into the current §XI.B.6.d, or split into a new §XI.B.6.c and §XI.B.6.d.

3

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

the U.S. Department of Justice, alleging violations of the Clean Water Act and the General Permit;

WHEREAS, on August 22, 2025, LA Waterkeeper filed a complaint against Defendant in the Central District of California ("Court"), Civil Case No. 2:25-cv-07911-PA-AS("Complaint");

WHEREAS, Plaintiff's Complaint alleged violations of the General Permit and the Clean Water Act for Defendant's alleged discharges of pollutants into storm drains and surface waters, including the Los Cerritos Channel, Los Cerritos Estuary, and downstream to the Alamitos Bay, San Pedro Bay, and the Pacific Ocean (collectively, "Receiving Waters");

WHEREAS, Defendant denies all allegations set forth in the 60-Day Notice Letter and Complaint;

WHEREAS, Plaintiff and Defendant (collectively, "Settling Parties" or "Parties") agree that it is in their mutual interest to enter into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the 60-Day Notice Letter and Complaint without further proceedings;

WHEREAS, all actions taken by Defendant pursuant to this Consent Decree shall be made in compliance with all applicable federal, state and local laws, rules and regulations.

NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the CWA, 33 U.S.C. § 1365(a)(1)(A).

2. Venue is appropriate in the Central District Court pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the Facilities at which the alleged violations are taking place is located within this District.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

4
[PROPOSED] CONSENT DECREE

243226163.1
209401-10001

3.      The Complaint states a claim upon which relief may be granted against Defendant pursuant to Section 505 of the CWA, 33 U.S.C. § 1365.

4.      LA Waterkeeper has standing to bring this action.

5.      The Court shall retain jurisdiction over this matter for the purposes of interpreting, modifying, or enforcing the terms and conditions of this Consent Decree and adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree, for the Term (as defined below) of this Consent Decree including for as long as necessary for the Court to resolve any motion to enforce this Consent Decree, but only regarding issues raised within the Term.

## I.      OBJECTIVES

6.      It is the express purpose of the Settling Parties through this Consent Decree to further the objectives of the Clean Water Act, and to resolve all issues alleged by LA Waterkeeper in its 60-Day Notice Letter and Complaint. These objectives include compliance with the provisions of this Consent Decree, compliance with all terms and conditions of the General Permit, and compliance with all applicable sections of the CWA. In light of these objectives and as set forth fully below, Defendant agrees to comply with the provisions of this Consent Decree, terms and conditions of the General Permit, and all applicable sections of the CWA at the Facilities.

## II.      AGENCY REVIEW AND Definitions

### A.      Agency Review of Consent Decree

7.      Agency Review. Plaintiff shall submit this Consent Decree to the United States Department of Justice and the United States EPA (the "Federal Agencies") for agency review consistent with 40 C.F.R. § 135.5. The agency review period expires forty-five (45) calendar days after receipt by the Federal Agencies, as evidenced by certified return receipts, or upon the date that the Federal Agencies provide a no objection letter, whichever is earlier ("Agency Review Period"). In the event that the Federal Agencies object to entry of this Consent

5

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

Decree or to any portion of this Consent Decree, the Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies. If the Parties are unable to resolve any issue(s) raised by the Federal Agencies in their comments, the Parties agree to expeditiously seek a settlement conference with the assigned Magistrate Judge to resolve any issue(s).

8.    Court Notice. Plaintiff shall notify the Court of the receipt date by the Federal Agencies, as required by 40 C.F.R. § 135.5, in order to coordinate the Court's calendar with the 45-day review period.

9.    Entry of Consent Decree. Following the expiration of the Agency Review Period, provided there were no  objections by the Federal Agencies, Plaintiff shall submit the Consent Decree to the Court for entry.

**B.    Definitions**

10.    Whenever terms listed below are used in this Consent Decree, whether or not capitalized, the following definitions apply:

a.    "BAT" means the Best Available Technology Economically Achievable.

b.    "BCT" means the Best Conventional Pollutant Control Technology, and collectively with BAT is referred to herein as "BAT/BCT."

c.    "BMPs" means Best Management Practices as defined in Attachment C (Glossary) of the General Permit.

d.    "Consent Decree" means this Consent Decree and any attachments or documents incorporated by reference.

e.    "Day" means a calendar day. In computing any period of time under this Consent Decree, where the last day of such period is a Saturday, Sunday, or Federal or State Holiday, the period runs until the close of business on the next day that is not a Saturday, Sunday, or Federal or State Holiday.

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

f.  "Design Storm" means the volume and flow rate of runoff produced from a design storm as defined by General Permit Section X.H.6.

g.  "Discharge Point" means each discharge location designated in the then-current SWPPP for the Facilities.

h.  "Effective Date" means the effective date of this Consent Decree, which shall be the date of full execution by the Parties.

i.  "Entry Date" means the day this Consent Decree is approved and entered by the Court.

j.  "Forecasted Rain Event" means a forecasted rain event with a fifty percent (50%) or greater probability of precipitation above 0.1 inches for the following 24-hour period at least twenty-four (24) hours prior to the rain event as determined by the National Oceanic and Atmospheric Administration ("NOAA") (http://forecast.weather.gov/) for Paramount, CA, USA".

k.  "MIP" means a Monitoring Implementation Plan.

l.  "PPT" means Pollution Prevention Team.

m.  "Qualified Industrial Storm Water Practitioner" or "QISP" shall have the definition set forth in Section IX.A.1 of the General Permit.

n.  "Qualifying Storm Event" or "QSE" shall have the definition set forth in Section XI.B.1 of the General Permit.

o.  "Reporting Year" means the period from July 1 of a given calendar year to June 30 of the following calendar year.

p.  "SMARTS" means the California State Water Resources Control Board's Stormwater Multiple Application and Report Tracking System.

q.  "SWPPP" means a Storm Water Pollution Prevention Plan.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

[PROPOSED] CONSENT DECREE

r.    "Term" means the period between the Effective Date and the "Termination Date."

s.    "Termination Date" means the latest of:

i.    June 30 following two (2) years from the Effective Date unless there is an Exceedance of Table 1 as defined below in Paragraph 23 at either of the Facilities during the 2027-2028 Reporting Year, in which case the Termination Date is June 30 following three years from the Effective Date;

ii.    June 30 following two (2) years after an advanced treatment system is fully installed, operational, and optimized, if applicable;

iii.    seven (7) days from the conclusion of any proceeding or process to enforce the Consent Decree initiated prior to the later of the dates in Paragraphs 10.s.i. and 10.s.ii. above; or

t.    seven (7) days from Defendant's completion of all payments and other affirmative duties required by this Consent Decree.

u.    "Wet Season" means the period beginning October 1st of any given calendar year and ending May 31 of the following calendar year.

## III.    COMMITMENTS OF THE SETTLING PARTIES

### A.    Enrollment in the Industrial General Permit

11.    The 3200 69th St. Facility shall submit a Notice of Intent to Comply with the Storm Water Permit within ten (10) days of the Effective Date for issuance of coverage under the General Permit under separate WDID and prepare and submit a SWPPP to the Regional Board in accordance with the guidelines below within thirty (30) days of the Effective Date.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

8

[PROPOSED] CONSENT DECREE

243226163.1
209401-10001

**B.     Storm Water Pollution Control Best Management Practices**

12.     Non-Storm Water Discharge Prohibition. Any unauthorized non-storm water discharge, as defined in the General Permit, shall be a violation of this Consent Decree.

13.     Current and Additional Best Management Practices. Defendant shall implement BMPs identified in its SWPPP and BMPs described herein, and shall develop and implement additional BMPs as necessary to comply with the provisions of this Consent Decree and the General Permit, including but not limited to those necessary to (1) achieve BAT/BCT standards and (2) comply with each of the General Permit's Receiving Water Limitations which require that discharges from the Facilities "not cause or contribute to an exceedance of any applicable water quality standards" contained in a Statewide Water Quality Control Plan or the applicable Regional Board's Basin Plan.

14.     Rain Gauge/Sensor. During the Term, Defendant shall maintain an electronic rain gauge or sensor (Tempest Weather Station) at the Facilities. During the Term, Defendant shall collect data using the gauge/sensor for all precipitation events to the nearest 0.1 inch, including start/stop times. Data from the rain gauge/sensor shall be conclusive of precipitation quantities and timing for purposes of this Consent Decree.

15.     Structural and Non-Structural BMPs for the Facilities. As soon as possible but no later than forty-five (45) days of the Effective Date, unless otherwise noted, Defendant shall develop and implement the following BMPs at the Facilities (the BMPs listed below shall be applicable to both Facilities unless otherwise identified):

a.     Cover all outdoor collection, recycling and refuse bins, including those containing metal and scrap metal to prevent pollutant escape and tracking and exposure to rainfall prior to  a

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

9

[PROPOSED] CONSENT DECREE

243226163.1
209401-10001

Forecasted Rain Event per the rain event action plan attached hereto as Exhibit 1;

b.    Outdoor storage overhangs will be constructed to prevent stormwater contact with storage beneath;

c.    Ensure material transfer procedures are enhanced to minimize spillage and tracking during forklift operations;

d.    Eliminate outdoor transfer of metal shavings and chips from one bin to another during all rain events or provide adequate rain protection to minimize stormwater contact during metal shavings transfers;

e.    Within twenty-four (24) hours prior to a Forecasted Rain Event remove any exposed waste material and cover all industrial materials, with tarps, lids, or other coverings sufficient to prevent exposure to rainfall, including those stored outside and where roof protection is inadequate, or otherwise move them into a covered structure adequate to prevent exposure to rainfall:

f.    Routinely locate and promptly repair degraded pavement or asphalt;

g.    Maintain vinyl industrial strip curtains at the entrances of production areas at 6925 Downey Avenue and 3401 E. 69th Street to reduce aerial release of debris; and reduce dust particulate from exiting the areas;

h.    In addition to daily employment of Bissell Triple Brush Power Sweeper at the Facilities, implement a sweeping program using the Nilfisk SW8000 Sweeper, equipped with the DustClear™ Five Stage Dust Control System. and once per month during the Wet Season. Additionally, the Facility will conduct hand sweeping on the same schedule in areas the mechanical sweeper

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

10

[PROPOSED] CONSENT DECREE

cannot access to contain fugitive chips and dust. All collected dust will be segregated for proper disposal.

i.    Remove, and prevent, to the extent feasible, the storage of, all unused, inutile, and/or abandoned racks, vehicles, equipment, paint and waste scrap materials;

j.    Institute an equipment and vehicle maintenance program that ensures:

    i.    no maintenance activities occur outdoors during wet weather, unless such maintenance is required for safe operation of the Facilities, *e.g.*, the forklift breaks down in a location that prevents ingress/egress;

    ii.    maintenance activities occur only in designated work areas or beneath covered maintenance areas; and

    iii.    when maintenance activities must be performed outdoors, action shall be taken to promptly contain, capture, and clean up any discharge or spills of waste fluids to the ground;

k.    Wet Season Specific BMPs

    i.    Employ and secure new wattles/filters/filtration socks (biochar or other equivalent media) at each Discharge Point to remove sediments, metals, and organic materials in storm water discharged from the Facilities, and configure such wattles/filters/socks to achieve maximum contact time with storm water prior to discharge, *i.e.*, perpendicular to the flow direction in the concrete swale that leads to E. 69th St. and along the berm in the northeast corner of the Main Facility; Defendant shall, thereafter, employ and secure new wattles/filters/socks in the same

11

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

manner annually prior to the start of the Wet Season, no later than September 15th;

  ii. During each Wet Season, as necessary, replace the wattles/filters/socks when degraded or ineffective, including without limitation when there are rips, tears or other visual damage, and/or sampling data demonstrating the wattles/filters/socks are not sufficiently reducing pollutant concentrations;

 l. Pre-Rain Protocol

  i. Within twenty-four (24) hours prior to a Forecasted Rain Event, inspect all wattles/filters/socks deployed at the Facility;

  ii. Within twenty-four (24) hours prior to a Forecasted Rain Event, remove any exposed waste material, cover all industrial materials, debris, scrap bins, and trash cans that contain materials or pollutants that can be readily mobilized by contact with storm water, with tarps, lids, or other coverings sufficient to prevent exposure to rainfall, including without limitation those stored outside and where roof protection is inadequate, or otherwise move them into a covered structure adequate to prevent exposure to rainfall; and

 m. Within seven (7) days of each of the above BMPs being initially implemented, Defendant shall confirm to LA Waterkeeper in writing, with representative photographs, that such BMP has been implemented as set forth above.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

12

[PROPOSED] CONSENT DECREE

## C.    Sampling at the Facilities

16.    Additional Sampling Locations. Defendant shall add industrial storm water sampling locations as follows: 1) At the Downey Facility, a sampling point shall be established at the northeast corner of the property at the access point to Downey Avenue; and 2) At the 3200 69th St. Facility, a sampling point shall be established at the discharge point located in the stormwater swale at the main gate.

17.    Develop a monitoring program consistent with the General Permit. During the Term, Defendant shall collect samples of storm water discharge from each Discharge Point at the Facilities from at least four (4) Qualifying Storm Events, including, at minimum, the first two (2) Qualifying Storm Event during the first half of the Reporting Year and the first two (2) Qualifying Storm Event during the second half of the Reporting Year. Such sampling shall take place as soon as possible within the four (4) hour period required by the General Permit § XI.B.5. If Defendant would have been required to collect samples during a rain event pursuant to this Consent Decree had such rain event produced a discharge, but Defendant did not collect samples because such rain event did not produce a discharge, then Defendant shall document the inability to sample by taking representative photographs during the rain event of each Discharge Point from which no discharge occurred. Defendant shall submit such photographs to LA Waterkeeper by email, along with rain gauge/sensor data for the date of such rain event, within five (5) days of a written request for such records by LA Waterkeeper.

18.    Sampling Parameters. All samples collected pursuant to this Consent Decree shall be analyzed, at minimum, for the parameters listed in Table 1.

19.    Laboratory and Holding Time. Except for pH samples, Defendant shall deliver all samples to a California-certified environmental laboratory for analysis within allowable hold times, pursuant to 40 C.F.R. Part 136. Analysis of pH will be completed onsite using a portable instrument that is calibrated and used according to the manufacturer's instructions.

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

20.    Detection Limit. Defendant shall request that the laboratory use analytical methods adequate to detect the individual pollutants at or below the values specified in the General Permit and Table 1 below.

21.    Reporting. Defendant shall upload complete laboratory results of all samples collected at the Facilities to SMARTS in accordance with the General Permit, and shall provide copies to LA Waterkeeper within ten (10) business days of receiving the laboratory report with the results.

**D.      Reduction of Pollutants in Discharges**

22.    Table 1 Numeric Limits. Defendant shall develop and implement BMPs for storm water discharges from the Facilities that reduce pollutant concentrations to levels below those in Table 1.

**TABLE 1**

| Parameter | Numeric Limit | Source of Limit |
|---|---|---|
| Total Suspended Solids (TSS) | 400 mg/L (instantaneous) 100 mg/L (annual) | NAL |
| Oil & Grease (O&G) | 25 mg/L (instantaneous) 15 mg/L (annual) | NAL |
| Zinc | 0.0956 mg/L | NEL |
| Copper | 0.0098 mg/L | NEL |
| Aluminum | 0.75 mg/L (annual) | NAL |
| pH | 6.0-9.0 (instantaneous) | NAL |

23.    Table 1 Exceedances. Under this Consent Decree, beginning with the 2025-2026 reporting year, – an "Exceedance" of Table 1 is defined as follows: where the concentration of any pollutant in any two (2) storm water samples from the Facilities within a Reporting Year exceeds the applicable annual value in Table 1 at either one of the Facilities; or where the concentration of any pollutant in any one (1) storm water sample the applicable instantaneous value in Table 1.

24.    Action Plan. As of the Effective Date, and for the remainder of the Term, if (a) Defendant has an unauthorized non-storm water discharge in violation of Paragraph 12, or (b) Defendant receives a laboratory report for storm water

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

samples which demonstrates an Exceedance as defined above, (each, a "Trigger Event"), Defendant shall prepare and submit to LA Waterkeeper a plan for reducing and/or eliminating the relevant discharge of pollutants at the Facilities with the Exceedance, and/or achieving compliance with the non-storm water discharge prohibition ("Action Plan"). The complete Action Plan shall be submitted to LA Waterkeeper within thirty (30) days of the applicable Trigger Event. However, an Action Plan shall not be required when the BMPs for the applicable unauthorized non-storm water discharge or the Exceedance for the same pollutant in the same drainage area were addressed in a previous Action Plan in the same Reporting Year and such BMPs were not yet implemented as of the date of the applicable unauthorized non-storm water discharge or QSE sampling that led to the Exceedance.

    a.    <u>Action Plan Requirements</u>. Each complete Action Plan submitted shall include at a minimum: (1) the identification of the pollutant (s) discharged in excess of the numeric limit(s), the applicable unauthorized non-storm water discharge, and/or the applicable discharge in smaller than a Design Storm; (2) an assessment of the source of each pollutant exceedance, applicable unauthorized non-storm water discharge, and/or applicable discharge in smaller than a Design Storm; (3) the identification of additional BMPs that will be implemented to achieve compliance with the numeric limit(s), unauthorized non-storm water discharge prohibition, and/or Design Storm standard, as well as the design plans and calculations of these additional BMPs; and (4) time schedules for implementation of the proposed BMPs. The time schedule(s) for implementation shall ensure that all BMPs are implemented as soon as possible, but in no event later than ninety (90) days following the

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

submission of the Action Plan, unless a later implementation date is mutually agreed upon by the Settling Parties. Within seven (7) days of each of the BMPs set forth in the Action Plan being initially implemented, Defendant shall confirm to LA Waterkeeper in writing, with representative photographs, that such BMP has been implemented as set forth in the Action Plan.

b. Action Plan Proposed BMPs. The following BMPs should generally be evaluated for inclusion in Action Plans to attain the Table 1 levels in the Facilities' storm water discharges:

i. Hydrologic Controls. Installation of additional berms or equivalent structural controls necessary to reduce or prevent storm water from flowing off site other than through the engineered storm water conveyance system or storm water retention or treatment facilities.

ii. Sweeping. The increased/more frequent use of sweepers and manual sweeping in otherwise inaccessible areas.

iii. Downspout Filters. If sampling results from the roof demonstrate Exceedances, as defined above, then install downspout filters effective at treating the applicable pollutants on each of the Facilities downspouts.

iv. Treatment Systems. Installing additional components or systems, or otherwise improving, an advanced storm water treatment system, or making changes to the operation and maintenance protocols for such system, to provide more effective filtration treatment of storm water prior to discharge.

v. Evaluation of Existing BMPs. Replacing, rehabilitating, or eliminating existing BMPs, taking into account the age

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

of the BMPs involved or employed, the engineering aspect of the application of various BMPs, and any adverse environmental impact of the BMPs.

     c.     <u>Action Plan Review</u>. LA Waterkeeper shall have thirty (30) days upon receipt of Defendant's complete Action Plan to provide Defendant with comments. Within thirty (30) days of receiving LA Waterkeeper's proposed revisions to an Action Plan, Defendant shall consider each of LA Waterkeeper's recommended revisions and accept them or justify in writing why any comment is not incorporated. Action Plan(s) developed and implemented pursuant to this Consent Decree are an obligation of this Consent Decree. Any disputes as to the adequacy of an Action Plan shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below. Disputes regarding the adequacy of a particular BMP shall not impact the schedule for implementing any other BMP set forth in the Action Plan.

     d.     Defendant shall revise the then-current SWPPP to reflect the changes required by the Action Plan, as set forth in Paragraph 29 below.

**E.**     **Visual Observations**

25.     <u>Storm Water Discharge Observations</u>. During the Term, appropriately trained staff of Defendant shall conduct visual observations during the Facilities' operating hours during each QSE required to be sampled pursuant to Paragraph__ Such inspections shall comply with all requirements of Section XI.A.2 of the General Permit.

26.     <u>Monthly Visual Observations</u>. During the Term, appropriately trained staff of Defendant shall conduct monthly non-storm water visual observations of

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

the Facilities. Such inspections shall comply with all requirements of Section XI.A.1 of the General Permit. Such observations shall include outfalls, Discharge Points, outdoor industrial equipment and storage areas, outdoor industrial activities areas, BMPs, and all other potential sources of industrial pollutants. All Discharge Points shall also be inspected for accumulation of dust, sediment, sand, grit, oily substances, oily sheens upon any standing water, and other materials associated with operations at the Facilities. During the Wet Season, such inspections shall further include observations of all storm water BMPs that are used only during the Wet Season at the Facilities to ensure that operational BMPs are being implemented, structural BMPs are in good condition or working order, and that BMPs have been effective in producing clean conditions at the Facilities. Such inspections shall further include observation as to whether there are any non-storm water discharges from the Facilities.

27.   Visual Observations Records. Defendant shall maintain observation records, including photographs to document compliance with Paragraphs 25 and 26. Such records shall include, but not be limited to, the persons who completed the inspection, the date of the inspection, and notes sufficient to describe the completed activity and all observations thereof, including but not limited to: (i) whether BMPs are in a proper, working condition; (ii) whether any repair, replacement, or operation and maintenance is needed for any BMPs; (iii) other conditions that have the potential to lead to pollutant loading in storm water discharges; and (iv) photographs of all the foregoing.  Defendant shall provide LA Waterkeeper with a copy of those records within fourteen (14) days of receipt of a written request from LA Waterkeeper for those records.

28.   Employee Training Program. Within thirty (30) days of the Effective Date, Defendant shall develop and implement an employee training program that meets the following requirements and ensures (1) that there is a sufficient number of employees at the Facilities designated to achieve compliance with the General

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

Permit and this Consent Decree ("Designated Employees"), and (2) that these Designated Employees are properly trained to perform the activities required by the General Permit and this Consent Decree ("Training Program"):

    a.    <u>Materials</u>. Training materials should include, at minimum, a detailed Training Manual or Standard Operating Procedure, including drawings and diagrams where appropriate, for reference and use by Defendant's personnel to ensure effective implementation of all BMPs at the Facilities;

    b.    <u>Language</u>. The training and training materials shall be available and offered in the language(s) in which relevant employees are fluent. If necessary, Defendant shall provide a translator or translators at all trainings where such translation is likely to improve staff comprehension of the Training Program and improve compliance with this Consent Decree and the General Permit;

    c.    <u>Training Frequency</u>. Training shall be provided by a QISP familiar with the requirements of this Consent Decree and the General Permit, and shall be repeated as necessary to ensure that all relevant employees are familiar with the requirements of this Consent Decree, the Permit, and the Facilities' SWPPPs. All relevant new staff shall receive this training before assuming responsibilities for implementing the SWPPPs;

    d.    <u>Sampling Training</u>. Defendant shall designate an adequate number of employees necessary to collect storm water samples as required by this Consent Decree, including training to ensure samples are properly collected, stored, and submitted to a certified laboratory;

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

[PROPOSED] CONSENT DECREE

243226163.1
209401-10001

e.   Visual Observation Training. Defendant shall provide training on how and when to properly conduct visual observations to Designated Employees;

f.   Non-Storm Water Discharge Training. Defendant shall train all Designated Employees at the Facilities on the General Permit's prohibition of non-storm water discharges, so that Designated Employees know what non-storm water discharges are and how to detect and prevent non-storm water discharges;

g.   Employees. All Designated Employees at the Facilities shall participate in the Training Program annually. New Designated Employees shall participate in the Training Program within thirty (30) days of their hiring date; and

h.   Records. Defendant shall maintain training records to document compliance with this Paragraph and shall provide LA Waterkeeper with a copy of these records within seven (14) days of receipt of a written request.

29.   SWPPP.

a.   Initial SWPPP and SWPPP Revisions. Defendant shall establish a SWPPP for the 3200 69th St. Facility and amend the Downey Facility's SWPPP to incorporate the requirements in this Consent Decree and comply with the General Permit and submit the complete SWPPP and updated SWPPP to LA Waterkeeper within thirty (30) days of the Effective Date for LA Waterkeeper's review and comment. The SWPPP and updated SWPPP shall contain, at a minimum, the following elements:

i.   A pollutant source assessment and a revised pollutant source assessment, including all elements required by section X.G of the General Permit as well as assessments

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

of the potential for the Facilities storm water discharges to contain pollutants for which the Receiving Waters are 303(d) listed and/or have Total Maximum Daily Loads;

    ii.    A detailed narrative description and assessment of each industrial activity with the potential to impact storm water quality occurring at the Facilities as required by section X.G of the General Permit;

    iii.    Descriptions of all BMPs in accordance with section X.H.4 of the General Permit, including the BMPs required by this Consent Decree;

    iv.    A set of site maps that comply with section X.E of the General Permit and provisions of this Consent Decree, including accurately depicting the different Discharge Points, sampling points, drainage areas, and flows;

    v.    A MIP as required by sections XI and X.I of the General Permit;

    vi.    A designation (by position/title) of employees responsible for carrying out storm water management, monitoring, sampling and SWPPPs implementation, e.g., visual inspection of each specific area, monitoring each specific BMP, sampling, etc.; and

    vii.    A Training Program as described above in Paragraph 28.

    b.    Additional SWPPP Revisions.

        i.    Within thirty (30) days after approval of any Action Plan by LA Waterkeeper (or resolution pursuant to Dispute Resolution), Defendant shall revise the then-current SWPPP for the Facility with the Exceedance to reflect the changes required by the Action Plan and submit the

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

[PROPOSED] CONSENT DECREE

complete, updated SWPPP to LA Waterkeeper for LA Waterkeeper's review and comment.

    ii.    Within thirty (30) days after any changes in industrial activities, sources of industrial pollutants, changes to Discharge Points, or changes to sections of the SWPPP identified in the SWPPP as requiring a SWPPP revision (including but not limited to, changes in either Facilities' contacts or PPT members, changes or additions of BMPs, or changes in or additions of industrial activities that impact storm water discharge), Defendant shall revise the then-current SWPPP to reflect such changes and submit the complete, updated SWPPP to LA Waterkeeper for LA Waterkeeper's review and comment.

    c.    <u>Review of SWPPPs</u>. For any SWPPP updates pursuant to Paragraphs 29.a. and 29.b., LA Waterkeeper shall have thirty (30) days upon receipt of Defendant's complete SWPPP to provide Defendant with comments. Within thirty (30) days of receiving LA Waterkeeper's comments and proposed changes to the SWPPP, Defendant shall consider each of the comments and proposed changes and either accept them or justify in writing why a change is not incorporated. The Parties agree to work in good faith to resolve any disputes with respect to the SWPPPs, and any remaining disputes will be resolved through timely initiation of the dispute resolution procedures in Section IV below. Following its incorporation of proposed modification or additions (if any) into each revised SWPPP, Defendant shall upload the revised SWPPP to SMARTS.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

22

[PROPOSED] CONSENT DECREE

243226163.1
209401-10001

## F.    Compliance Monitoring and Reporting

30.    LA Waterkeeper may conduct one annual site inspection ("Site Inspection") during each Reporting Year during the Term for the purpose of ensuring compliance with this Consent Decree and the General Permit. In the event of a dispute regarding Defendant's compliance with this Consent Decree, and provided a Site Inspection would be relevant to resolving the Parties' dispute, the Parties agree to meet and confer regarding an additional Site Inspection at Plaintiff's request. Plaintiff shall not unreasonably request, and Defendant shall not unreasonably deny, one additional Site Inspection. Any Site Inspection shall occur during normal business hours, and LA Waterkeeper will provide Defendant with at least two (2) business days' notice prior to a Site Inspection. For any Site Inspection requested to occur in wet weather, Plaintiff shall be entitled to adjust timing or reschedule during normal business hours in the event the forecast changes and anticipated precipitation appears unlikely, and thus frustrates the purpose of visiting the Facilities in wet weather. Notice will be provided by electronic mail to the individual(s) designated below at Paragraph 57. During the Wet Weather inspection, Plaintiff may request that Defendant collect a sample of industrial storm water discharge from the Facilities' designated industrial discharge point(s) referenced in its SWPPP, to the extent that such discharges are occurring. If requested, LA Waterkeeper's representative(s) may observe the split sample(s) being collected by Defendant's representative. LA Waterkeeper shall be permitted to take photographs or video recording during any Site Inspection.

31.    Document Provision. During the Term, Defendant shall notify and submit documents to LA Waterkeeper as follows:

a.    Defendant shall copy LA Waterkeeper, by electronic mail to the individual(s) designated below at Paragraph 57, on all compliance documents, monitoring and/or sampling data, written communications and/or correspondences, or any

23

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

documents related to storm water quality at the Facilities that are submitted to the Regional Board, the State Board, and/or any state or local agency, county or municipality.

b.    Within ten (10) days of receipt by Defendant, send to LA Waterkeeper, by electronic mail to the individual(s) designated below at Paragraph 57, any compliance document, inspection report, written communication and/or correspondence, or any document related to storm water quality at the Facilities received by Defendant from the Regional Board, the State Board, and/or any state or local agency, county, municipality.

32.    <u>Compliance Monitoring</u>. Defendant shall partially defray costs associated with Plaintiff's monitoring of Defendant's compliance with this Consent Decree during the Term through June 30 following two (2) two years from the Effective Date by paying Thousand Dollars ($10,000.00) within thirty (30) days of the Entry Date. If the Term continues beyond June 30 following two years from the Effective Date, Defendant shall pay Five Thousand Dollars ($5,000) on June 30 of that year.  Payments pursuant to this Paragraph shall be made via check, made payable to: "Los Angeles Waterkeeper" via certified mail, return receipt requested to Los Angeles Waterkeeper, c/o Senior Attorney, 360 E. 2nd Street, Suite 250, Los Angeles, CA 90012. Failure to submit payment as required under this Paragraph will constitute breach of the Consent Decree.

**G.    Environmentally Beneficial Project, Litigation Fees and Costs, Missed Deadlines, and Interest**

33.    <u>Environmentally Beneficial Project</u>. To fund environmentally beneficial project activities that will reduce or mitigate the impacts of storm water pollution from industrial activities occurring in the Los Cerritos Channel Watershed, Defendant shall make a payment totaling Forty Thousand Dollars ($40,000.00) to the Rose Foundation made within thirty (30) days of the Entry

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

Date, payable to the Rose Foundation for Communities and the Environment and sent via overnight mail to Rose Foundation, 201 4th Street, Suite 102, Oakland, CA 94607. Failure to submit payment as required under this Paragraph will constitute breach of the Consent Decree.

34.    <u>LA Waterkeeper's Fees and Costs</u>. Defendant shall pay a total of Sixty Five Thousand Dollars ($65,000.00) to LA Waterkeeper to partially reimburse Plaintiff for their investigation fees and costs, expert/consultant fees and costs, reasonable attorneys' fees, and other costs incurred as a result of investigating and filing the lawsuit, and negotiating a resolution of this matter within thirty (30) days of the Entry Date. The payment shall be made payable to: Aqua Terra Aeris Law Group and delivered by overnight carrier (no signature required) to 8 Rio Vista Ave., Oakland, CA 94611. Failure to submit payment as required under this Paragraph will constitute breach of the Consent Decree.

35.    <u>Missed Deadlines</u>. In the event that Defendant misses any deadline specified in this Consent Decree. LA Waterkeeper shall provide written notice to Defendant of such missed deadline by electronic mail to the individual(s) designated below at Paragraph 57. Defendant shall have ten business days from receipt of such notice to respond and, if necessary, cure such delinquency.  If Defendant fails to respond and, if necessary cure such delinquency, within ten business days of receipt of such notice, then Defendant shall pay a stipulated payment of Five Hundred Dollars ($500) per day until it responds or cures the delinquency.  However, stipulated payments shall not accrue while Defendant is taking reasonable steps, including evaluating, designing, permitting and implementing,  to cure the delinquency. Such stipulated payments shall be made by check payable to: Rose Foundation for Communities and the Environment, and such funds shall be used for the sole purpose of funding environmentally beneficial projects, as described in Paragraph 33. Payment shall be sent via overnight mail to Rose Foundation, 201 4th Street, Suite 102, Oakland, CA 94607. Defendant agrees

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

[PROPOSED] CONSENT DECREE

243226163.1
209401-10001

to make the stipulated payment within fourteen (14) days after the resolution of the event that precipitated the stipulated payment liability.

## IV. Dispute Resolution

36. <u>Meet and Confer</u>. Either Party to this Consent Decree may invoke the dispute resolution procedures of this Section IV by notifying the other Party in writing of the matter(s) in dispute and of the disputing Party's proposal for resolution. The Parties shall then meet and confer in good faith (either telephonically or in person) within ten (10) days of the date of the notice in an attempt to fully resolve the dispute no later than thirty (30) days from the date of the meet and confer.

37. <u>Settlement Conference</u>. If the Parties cannot resolve the dispute within thirty (30) days from the date of the meet and confer described in Paragraph 36, the Parties agree that the dispute may be submitted for formal resolution by filing a motion before the United States District Court for the Central District of California. The Parties agree to request an expedited hearing schedule on the motion.

38. In resolving any dispute arising from this Consent Decree before the Court, the prevailing Party shall be entitled to seek fees and costs incurred pursuant to the provisions set forth in Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), and applicable case law interpreting such provisions, or as otherwise provided for by statute and/or case law.

## V. Mutual Release of Liability and Covenant Not to Sue

39. <u>Plaintiff's Waiver and Release of Defendant</u>. In consideration of the above, upon the Effective Date of this Consent Decree, Plaintiff, on its own behalf and on behalf of its officers and directors, release Defendant, its officers, directors, managers, employees, members, parents, subsidiaries, divisions, affiliates, successors or assigns, agents, attorneys and other representatives, from and waives all claims that were raised or could have been raised in the 60-Day Notice Letter

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

26

[PROPOSED] CONSENT DECREE

243226163.1
209401-10001

and/or the Complaint up to and including the Termination Date of this Consent Decree.

40.     Defendant's Waiver and Release of Plaintiff. In consideration of the above, upon the Effective Date of this Consent Decree, Defendant, on its own behalf and on behalf of their officers, directors, employees, parents, subsidiaries, affiliates and each of their successors or assigns, release Plaintiff, its officers and directors, from and waives all claims related to the 60-Day Notice Letter and/or the Complaint up to and including the Termination Date of this Consent Decree.

41.     Except for the items released herein, nothing in this Consent Decree limits or otherwise affects Plaintiff's rights to address or take any position that it deems necessary or appropriate in an informal or formal proceeding before the State Board, Regional Board, EPA, or any other judicial or administrative body on any matter relating to Defendant's compliance at the Facilities with the General Permit or the Clean Water Act occurring or arising after the Effective Date.

42.     Waiver of California Civil Code § 1542. Upon the Effective Date, the Parties expressly waive any rights or benefits available to them under the provisions of California Civil Code § 1542. The parties acknowledge they are familiar with section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

While a Party may assert that California Civil Code section 1542 applies to general releases only, and that the releases herein are limited releases, the Parties hereby waive and relinquish any rights or benefits they may have under California Civil Code section 1542 with respect to any other claims arising from, or related to, the allegations and claims as set forth in the 60-Day Notice, and/or the Complaint, up to and including the Termination Date of this Consent Decree.

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

## VI.    Miscellaneous Provisions

43.    <u>No Admission of Liability</u>. The Parties enter into this Consent Decree for the purpose of avoiding prolonged and costly litigation. Neither the Consent Decree nor any payment pursuant to the Consent Decree shall constitute or be construed as a finding, adjudication, or acknowledgement of any fact, law or liability, nor shall it be construed as an admission of violation of any law, rule, or regulation. Defendant maintains and reserves all defenses it may have to any alleged violations that may be raised in the future.

44.    <u>Counterparts</u>. This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document. Telecopy and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

45.    <u>Authority</u>. The undersigned representatives for Plaintiff and Defendant each certify that s/he is fully authorized by the Party whom s/he represents to enter into this Consent Decree. A Party's signature to this Consent Decree transmitted by facsimile or electronic mail shall be deemed binding.

46.    <u>Construction</u>. The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined in the Permit, the Clean Water Act, or specifically herein. The captions and paragraph headings used in this Consent Decree are for reference only and shall not affect the construction of this Consent Decree.

47.    <u>Full Settlement</u>. This Consent Decree constitutes a full and final settlement of this matter.

48.    <u>Integration Clause</u>. This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the Parties and expressly supersedes any and all prior oral or written agreements, covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

49.     Severability. In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

50.     Choice of Law. The laws of the United States shall govern this Consent Decree.

51.     Diligence. Defendant shall diligently file and pursue all required permit applications for any required BMPs and shall diligently procure contractors, labor, and materials needed to complete all BMPs by the required deadlines.

52.     Effect of Consent Decree. Compliance with this Consent Decree does not mean that Defendant is complying with the General Permit, the Clean Water Act, or any other law, rule, or regulation.

53.     Negotiated Settlement. The Settling Parties have negotiated this Consent Decree, and agree that it shall not be construed against the Party preparing it, but shall be construed as if the Settling Parties jointly prepared this Consent Decree, and any uncertainty and ambiguity shall not be interpreted against any one Party.

54.     Modification of the Consent Decree. This Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Parties and approved by the Court. Any request to modify any provision of the Consent Decree, including but not limited to any deadline(s) set forth herein, must be made in writing at least fourteen (14) days before the existing deadline(s) applicable to the provision(s) proposed to be modified.

55.     Assignment. Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the Parties, and their successors and assigns. Defendant shall notify Plaintiff within ten (10) days of any assignment.

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

56.     Force Majeure. Neither of the Parties shall be considered to be in default in the performance of any of their respective obligations under this Consent Decree when performance becomes impossible due to a Force Majeure event. A Force Majeure event is any circumstance beyond a Settling Party's control, including without limitation, any act of God, war, fire, earthquake, flood, windstorm, pandemic, public health crisis, or natural catastrophe; criminal acts; civil disturbance, vandalism, sabotage, or terrorism; restraint by court order or public authority or agency; or action or non-action by, or inability to obtain the necessary authorizations or approvals from any governmental agency. A Force Majeure event shall not include normal inclement weather, economic hardship, inability to pay, or employee negligence. Any Party seeking to rely upon this Paragraph to excuse or postpone performance shall have the burden of establishing that it could not reasonably have been expected to avoid the Force Majeure event and which by exercise of due diligence has been unable to overcome the failure of performance. The Parties shall exercise due diligence to resolve and remove any Force Majeure event.

57.     Correspondence. All notices required herein or any other correspondence pertaining to this Consent Decree shall be, the extent feasible, sent via electronic mail transmission to the e-mail address listed below, or if electronic mail is not feasible, then by certified U.S. mail with return receipt, or by hand delivery to the following addresses:

| If to Plaintiff: | If to Defendant: |
|---|---|
| Los Angeles Waterkeeper | NC Dynamics LLC |
| Erina Kwon | Steve Woodhouse |
| Alexandra Ballesteros | Steve Hartman |
| 360 E. 2nd St., Suite 250 | 3401 E. 69th Street |
| Los Angeles, CA 90012 | Long Beach, CA  90805 |
| Email: erina@lawaterkeeper.org | swoodhouse@ncydanmics.com |
| Email: alex@lawaterkeeper.org | 562-634-7392 |
| Phone: (310) 394-6162 | |

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

30

[PROPOSED] CONSENT DECREE

243226163.1
209401-10001

| With copies to: | With copies to: |
|---|---|
| Anthony M. Barnes | John R. Talbot |
| Email: amb@atalawgroup.com | Cornerstone Technologies, Inc. |
| 8 Rio Vista Ave. | 100 Oceangate, Suite 520 |
| Oakland, CA 94611 | Long Beach, CA  90802 |
| T: 917-371-8293 | landdoctor@yahoo.com |
| | 562.688.1846 |
| | |
| | Albert M. Cohen |
| | Loeb & Loeb LLP |
| | 10100 Santa Monica Blvd., Suite 2200 |
| | Los Angeles, CA  90067 |
| | acohen@loeb.com |
| | 310-282-2228 |

Notifications of communications shall be deemed submitted three (3) days after the date that they are postmarked and sent by first-class mail, or immediately after acknowledgement of receipt via email by the receiving Party. Any change of address or addresses shall be communicated in the manner described above for giving notices.

58.    If for any reason the Federal Agencies should object to entry of this Consent Decree or to any portion of this Consent Decree or the Court should decline to approve this Consent Decree in the form presented, the Parties shall use their best efforts to work together to modify the Consent Decree within thirty (30) days so that it is acceptable to the Federal Agencies or the Court. If the Parties are unable to modify this Consent Decree in a mutually acceptable manner that is also acceptable to the Court, this Consent Decree shall immediately be null and void as well as inadmissible as a settlement communication under Federal Rule of Evidence 408 and California Evidence Code section 1152.

The Parties hereto enter into this Consent Decree and submit it to the Court for its approval and entry as a final judgment.

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

IN WITNESS WHEREOF, the undersigned have executed this Consent Decree as of the date first set forth below.

APPROVED AS TO CONTENT

Dated: _____March 25_____, 2026    By: _____

Bruce Reznik
Executive Director
Los Angeles Waterkeeper

Dated: _____, 2026    By: _____

Steve Woodhouse, President
NC Dynamics LLC

APPROVED AS TO FORM

AQUA TERRA AERIS LAW GROUP

Dated: _____March 25_____, 2026    By: _____

Anthony M. Barnes
Attorney for Plaintiff
Los Angeles Waterkeeper

LOEB & LOEB LLP

Dated: _____, 2026    By: _____

Albert M. Cohen
Attorney for Defendant
NC Dynamics LLC

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

APPROVED AS TO CONTENT

Dated: _____, 2026    By: _____
Bruce Reznik
Executive Director
Los Angeles Waterkeeper

Dated: _____, 2026    By: _____
Steve Woodhouse, President
NC Dynamics LLC

APPROVED AS TO FORM

AQUA TERRA AERIS LAW GROUP

Dated: _____, 2026    By: _____
Anthony M. Barnes
Attorney for Plaintiff
Los Angeles Waterkeeper

LOEB & LOEB LLP

Dated: March 25, 2026    By: _____
Albert M. Cohen
Attorney for Defendant
NC Dynamics LLC

[PROPOSED] CONSENT DECREE

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

APPROVED AS TO CONTENT

Dated: _____, 2026      By:_____

Bruce Reznik
Executive Director
Los Angeles Waterkeeper

Dated: _____3|25_____, 2026      By:_____

Steve Woodhouse, President
NC Dynamics LLC

APPROVED AS TO FORM


AQUA TERRA AERIS LAW GROUP


Dated: _____, 2026      By:_____

Anthony M. Barnes
Attorney for Plaintiff
Los Angeles Waterkeeper


LOEB & LOEB LLP


Dated: _____, 2026      By:_____

Albert M. Cohen
Attorney for Defendant
NC Dynamics LLC

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

243226163.1
209401-10001

33
[PROPOSED] CONSENT DECREE

**IT IS SO ORDERED.**

**FINAL JUDGMENT**

Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the Plaintiff and Defendant.

Dated: May 12, 2026

_____
PERCY ANDERSON
United States District Judge

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

33

[PROPOSED] CONSENT DECREE

243226163.1
209401-10001